**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| **IN RE:** | |
| **LEON THOMAS DESPER, JR.,** | **CASE NO. 07-50810-NPO** |
| **DEBTOR.** | **CHAPTER 7** |
| | |
| **FRANCIS D. HALL** | **PLAINTIFF** |
| **V.** | **ADV. PROC. NO. 09-05051-NPO** |
| **LEON THOMAS DESPER, JR.** | **DEFENDANT** |

**MEMORANDUM OPINION**
**DENYING MOTION FOR SUMMARY JUDGMENT**

There came on for consideration the Motion for Summary Judgment or, Alternatively, for Partial Summary Judgment/Fed. R. Civ. Proc. 56(d)(1) Determination ("Motion for Summary Judgment") (Adv. Dkt. No. 17), the Statement of Material Facts ("Statement of Facts") (Adv. Dkt. No. 18), and the Memorandum in Support of Motion for Summary Judgment (" Memorandum") (Adv. Dkt. No. 19) filed by the Plaintiff, Francis D. Hall ("Hall"); and the Opposition to Motion for Summary Judgment ("Opposition") (Adv. Dkt. No. 23)[1], the Memorandum in Opposition to the Motion for Summary Judgment ("Memorandum in Opposition") (Adv. Dkt. No. 24), and the Opposition to Statement of Facts ("Opposition to Statement of Facts") (Adv. Dkt. No. 25) filed by the Debtor and Defendant, Leon Thomas Desper, Jr. ("Desper") in the above-styled adversary proceeding (the "Adversary"). Jeffrey R. Barber is representing Hall, and Desper is representing

---

[1] Adv. Dkt. No. 23 also included a Cross Motion for Summary Judgment which is the subject of a separate order entered contemporaneously herewith.

himself, *pro se*. Having reviewed the pleadings and the briefs submitted by the parties, the Court finds that there are genuine issues of material fact. Therefore, Hall is not entitled to judgment as a matter of law on his Motion for Summary Judgment. Accordingly, the Motion for Summary Judgment should be denied for the reasons set forth below.[2]

## Jurisdiction

This Court has jurisdiction over the subject matter of and the parties to this proceeding pursuant to 28 U.S.C. § 1334. This matter is a core proceeding as defined in 28 U.S.C. § 157 (b)(2)(I).

## Facts

1. On June 1, 2007, a judgment was entered in the Chancery Court of Hancock County, Mississippi ("Chancery Court"), that provided for the dissolution of businesses that had been owned and operated by Hall and Desper known as Valu-Ride, Inc. and ValuCare Service, LLC, and awarded damages in favor of Hall and against Desper in the amount of $261,490.27. (Exhibit No. 1 to Hall's Statement of Facts).[3]

2. On August 18, 2006, after the filing in January 2006 of the petition for dissolution in the Chancery Court but prior to entry of the judgment, Hall filed a complaint ("County Court Complaint") in the County Court for the First Judicial District of Harrison County, Mississippi ("County Court") against Desper. Hall alleged that in March of 2006 Desper began writing

---

[2] The following constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7052.

[3] The factual background provided here is taken, generally, from the pleadings and exhibits and from Hall's Statement of Facts. Desper's Opposition to Hall's Statement of Facts does not dispute this factual background.

"offensive, vulgar, and outrageous statements" about Hall and his former girlfriend on bathroom walls of convenience stores and/or gas stations in Harrison County, Mississippi that included Hall's cellular telephone number. Hall further alleged that he received numerous harassing telephone calls at all hours of the day from unknown individuals responding to the bathroom wall writings that interrupted his business and personal life and caused "mental and emotional anguish, distress and frustration." (County Court Complaint ¶ 8, Exhibit No. 2 to Hall's Statement of Facts). The County Court Complaint requested damages, including punitive damages, for intentional infliction of emotional distress and invasion of privacy.

3. On June 15, 2007, Desper filed a voluntary petition for relief pursuant to chapter 7 of the Bankruptcy Code (Case No. 07-50810, Dkt. No. 1) in the above-styled bankruptcy case. On July 17, 2007, an order was entered in the bankruptcy case granting limited relief from the automatic stay for the purpose of allowing Hall's claims against Desper in the County Court Complaint to be liquidated by trial in the state court proceeding. (Dkt. No. 12).

4. On May 21, 2008, a jury verdict ("Jury Verdict") was entered in the County Court proceeding finding for Hall and assessing damages at $10,000.00. (Exhibit No. 5 to Hall's Statement of Facts). On June 2, 2008, a final judgment ("Final Judgment") was entered by the County Court Judge in favor of Hall and against Desper in the amount of $10,000.00, together with post-judgment interest in the amount of 8%. (Exhibit No. 6 to Hall's Statement of Facts).

5. On October 27, 2008, an order was entered in the County Court denying Desper's motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. (Exhibit No. 8 to Hall's Statement of Facts). No appeal was taken from the Final Judgment.

6.	On June 29, 2009, Hall filed the Complaint Objecting to Dischargeability of Debt pursuant to 11 U.S.C. § 523(a)(6) ("Adversary Complaint") (Adv. Dkt. No. 1) against Desper in the Adversary. The Adversary Complaint asserted that the County Court jury found Desper's conduct was "willful and malicious" so that Hall is entitled to a judgment declaring the debt arising from the Final Judgment nondischargeable under 11 U.S.C. § 523(a)(6).[4] (Adversary Complaint ¶¶ 13-15).

7.	On August 27, 2009, Desper filed his Answer to the Complaint ("Answer") (Adv. Dkt. No. 12) in which he denied the allegations set forth above.[5]

### Issue

At issue before the Court is whether Hall is entitled to a judgment as a matter of law declaring the debt created by the Final Judgment to be nondischargeable pursuant to § 523(a)(6).

### Discussion

**I.	Summary Judgment Standard**

Federal Rule of Civil Procedure ("Civil Rule") 56, made applicable to bankruptcy proceedings pursuant to Bankruptcy Rule 7056, states that summary judgment is properly granted only when, viewing the evidence in the light most favorable to the nonmoving party, the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as

---

[4] Hereinafter, all code sections refer to the United States Bankruptcy Code, located at Title 11 of the United States Code, unless otherwise noted.

[5] Time for filing the Answer was extended to August 31, 2009, in the Court's order denying Desper's motion to dismiss the Adversary Complaint for failure to state claim upon which relief can be granted and *res judicata* (Adv. Dkt. No. 10). The Court determined that the allegations of the Adversary Complaint satisfied the plausibility test applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(6) as set forth in *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009).

a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party," and material if it would "affect the outcome of the lawsuit under the governing substantive law." Phillips Oil Co. v. OKC Corp., 812 F.2d 265, 272-73 (5th Cir. 1987). Civil Rule 56(e)(2) further provides, in relevant part:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial.

Fed. R. Civ. P. 56(e)(2).

Thus, the moving party bears the initial responsibility of informing the Court of the basis for its motion, and of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. Once the moving party has made its required showing, the nonmovant must go beyond the pleadings and by its own affidavits or by depositions, answers to interrogatories, and admissions on file designate specific facts showing a genuine issue for trial. Celotex, 477 U.S. at 324. In any event, "[t]he movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985); *see also* Medlock v. Commission for Lawyer Discipline, 24 S.W.3d 865, 870 (C.A. Tex. 2000).

    **II.    Section 523(a)(6) Standard**

Section 523(a)(6) of the Bankruptcy Code provides an exception from discharge as follows:

>   (a) A discharge under section 727, . . . of this title does not discharge an individual debtor from any debt --
>       . . .
>       (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

11 U.S.C. § 523(a)(6).  Under § 523(a)(6), a plaintiff must establish three elements to render a pre-petition obligation nondischargeable: (1) injury by the debtor; (2) to another (or property of another); and (3) such injury was willful and malicious.  The standard of proof in an action under § 523(a) is the "preponderance of the evidence" standard rather than the more rigorous "clear and convincing evidence" standard.  Grogan v. Garner, 498 U.S. 279, 284 n.11 (1991); *see also* RecoverEdge L.P. v. Pentecost, 44 F.3d 1284, 1292 (5th Cir. 1995).

The U.S. Supreme Court has held that "[t]he word 'willful' in [§ 523](a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional *injury,* not merely a deliberate or intentional *act* that leads to injury."  Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998) (emphasis in original).  Additionally, the Supreme Court has decided, "that debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)."  Id. at 64.

The Fifth Circuit has interpreted § 523(a)(6) on a number of occasions since Kawaauhau.  In Miller v. J.D. Abrams Inc. (In re Miller), 156 F.3d 598, 606 (5th Cir.1998), the Fifth Circuit held that "an injury is 'willful and malicious' where there is either an objective substantial certainty of harm or a subjective motive to cause harm." The Miller court in defining "malicious" rejected that it meant an act without just cause or excuse. Id. at 605-606. Instead, it adopted the "implied malice standard" and defined "malicious" as an act done with the "actual intent to cause injury." Id. at 606. The court observed that this definition of "malicious" is synonymous with the definition of "willful." Id. Thus, it found the "treatment of the phrase as a collective concept is sensible given the Supreme

Court's emphasis on the fact that the word they modify is 'injury.'" Id.; *see also* Raspanti v. Keaty (In re Keaty), 397 F.3d 264, 270 (5th Cir. 2005).

Later, in Williams v. IBEW Local 520 (In re Williams), 337 F.3d 504, 509 (5th Cir. 2003), the Fifth Circuit found that the "test for willful and malicious injury under Section 523(a)(6), thus, is condensed into a single inquiry of whether there exists 'either an objective substantial certainty of harm or a subjective motive to cause harm' on the part of the debtor." S*ee also* Texas v. Walker, 142 F.3d 813, 823 (5th Cir.1998) (stating "for willfulness and malice to prevent discharge under Section 523(a)(6), the debtor must have intended the actual injury that resulted. . . . Intent to injure may be established by showing that the debtor intentionally took action that necessarily caused, or was substantially certain to cause, the injury.") (citing In re Delaney, 97 F.3d 800, 802 (5th Cir. 1996)).

### III.  Collateral Estoppel

Hall's Motion for Summary Judgment asserts that collateral estoppel applies to the Final Judgment entered in the County Court litigation, and the debt should be declared nondischargeable under § 523(a)(6). The Fifth Circuit has instructed that, "[c]ollateral estoppel applies in bankruptcy dischargeability proceedings, but the bankruptcy court retains exclusive jurisdiction to determine whether a debt is dischargeable." Caton v. Trudeau (In re Caton), 157 F.3d 1026, 1028 (5th Cir. 1998). *See also* Gupta v. Eastern Idaho Tumor Institute, Inc. (In re Gupta), 394 F.3d 347, 349-50 (5th Cir. 2004) (bankruptcy court may apply collateral estoppel to preclude relitigation of findings relevant to dischargeability but ultimate determination of dischargeability is a federal question); Dennis v. Dennis (In re Dennis), 25 F.3d 274, 278 (5th Cir. 1994) (the ultimate finding of whether a debt is nondischargeable is solely in the province of the bankruptcy court). Therefore, "collateral

estoppel can provide a[ ] basis to satisfy the elements of § 523(a)(6)." Raspanti, 397 F.3d at 270.

Based on federal case law, this Court must look to Mississippi law to determine whether collateral estoppel should be applied in this case. Id.; *see also* American Casualty Co. v. United Southern Bank, 950 F.2d 250, 253 (5th Cir. 1992) (a federal court must give a state court judgment the same preclusive effect it would have under that state's law); Gilleylen v. Evans (In re Evans), 252 B.R. 366, 380 (N.D. Miss. 2000) (standards relative to issue preclusion developed in forum state should be utilized when determining applicability of collateral estoppel). In American Casualty, the Fifth Circuit held:

> The district court correctly stated the Mississippi law doctrine of collateral estoppel that parties will be precluded from relitigating a specific issue which was: actually litigated in the former action; determined by the former action; and, essential to the judgment in the former action.

American Casualty, 950 F.2d at 253 (*citing* Dunaway v. W.H. Hopper & Associates, Inc., 422 So.2d 749, 751 (Miss.1982)); *see also* Raju v. Rhodes, 809 F.Supp. 1229, 1236 (S.D.Miss.1992); Channel v. Loyacono, 954 So.2d 415, 425 (Miss. 2007). In a case dealing with the effect of a state court judgment on a bankruptcy court's determination of dischargeability, the Fifth Circuit held:

> Collateral estoppel applies in bankruptcy courts only if, *inter alia*, the first court has made specific, subordinate, factual findings on the identical dischargeability issue in question - that is, an issue which encompasses the same *prima facie* elements as the bankruptcy issue - and the facts supporting the court's findings are discernible from that court's record."

Dennis v. Dennis (In re Dennis), 25 F.3d 274, 278 (5th Cir. 1994).

For collateral estoppel to apply in this case, the Court must determine that specific issues pertinent to a finding of a willful and malicious injury under § 523(a)(6) were: (1) actually litigated in the County Court action; (2) that the County Court made determinations regarding issues; and (3)

that those findings were essential to the judgment entered in the County Court proceeding. Additionally, the facts supporting the County Court's findings must be discernable from that court's record. In re Keaty, 397 F.3d at 271 (*citing* In re Dennis, 25 F.3d at 287) ; *see also* In re Allman, 735 F.2d 863, 865 (5th Cir. 1984) (citations omitted), *cert denied*, 469 U.S. 1086, 105 S. Ct. 590, 83 L.Ed.2d 700 (1984).

### IV.     Application of Standards

The Court must determine whether the pleadings and supporting documentation, including the Jury Verdict, the jury instructions, and the Final Judgment from the County Court action, provide a sufficient basis upon which to determine that a finding on the merits was made regarding whether Desper's conduct which injured Hall was "willful and malicious" so that the award in the Final Judgment should be excepted from discharge under § 523(a)(6).

Jury Instruction P-2[6] dealt with the invasion of privacy claim and specifically the intentional intrusion upon plaintiff's solitude or seclusion, and holding the plaintiff in the public eye in a false light. Jury Instruction P-2 included the following language:

> To recover for holding the Plaintiff in the public eye in a false light, Plaintiff must prove (1) that the false light in which the other was placed would be highly offensive to a reasonable person; and (2) the Defendant had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the Plaintiff would be placed. Further, to recover for invasion of privacy, Plaintiff must show some bad faith or reckless conduct on the part of the Defendant.

Exhibit No. 5 to Hall's Statement of Facts (emphasis added).

Jury Instruction D-5 also provided instructions as to a claim of invasion of privacy by intrusion into private affairs. The instruction included, in part, that the essential elements of the

---

[6] The jury instructions discussed herein were given to the jury in the County Court Proceeding.

claim are:

> A.  The Defendant intentionally intruded, physically or otherwise, upon the solitude or seclusion, private affairs or concerns of the Plaintiff;
> B.  The intrusion was substantial, and of a kind that would be highly offensive to an ordinarily reasonable person; and
> C.  The intrusion caused Plaintiff to sustain injury, damage, loss or harm.

Exhibit No. 5 to Hall's Statement of Facts.

The Jury Instructions P-3 and P-5 were given regarding the claim for intentional infliction of emotional distress. Jury Instruction P-3 included, in part, the following language:

> To recover for intentional infliction of emotional distress, Plaintiff must prove wanton and willful conduct on the part of the Defendant that evokes outrage or revulsion.
>
> Intentional infliction of emotional distress requires malicious, intentional, willful, wanton, <u>grossly careless indifferent or reckless conduct</u> on the part of the Defendant.

Exhibit No. 5 to Hall's Statement of Facts (emphasis added).

Jury Instruction P-5 included the following language on an instruction for mental suffering:

> If you find from a preponderance of the evidence that the Defendant's conduct was malicious, intentionally, willful, wanton, <u>grossly careless, indifferent or reckless</u>, you may award the Plaintiff damages for mental anguish without proof of a demonstrable harm or injury to the Plaintiff. If, however, you find that the Defendant's conduct was not malicious, intentionally, willful, wanton, grossly careless, indifferent or reckless, then it is your duty to return a verdict in favor of the Defendant.

Exhibit No. 5 to Hall's Statement of Facts (emphasis added).

The record from the County Court action is insufficient to allow this Court to determine whether the pre-petition debt arising from the Final Judgment is nondischargeable under § 523(a)(6). Neither the Jury Verdict nor the Final Judgment specified whether the County Court jury awarded damages to Hall based upon a finding of a willful and malicious injury. Instead, the Jury Verdict merely stated, "We the jury find for the Plaintiff, F. D. Hall and assess his damages at $10,000."

Exhibit No. 5 to Hall's Statement of Facts. Jury Instructions P-2, P-3, and P-5 would have allowed the jury to award damages for "careless" or "reckless" conduct as well as "willful" and "malicious" conduct. Because neither the Jury Verdict nor the Final Judgment state specific findings, this Court cannot determine whether the award of damages was based on a jury determination that Desper's conduct was "willful and malicious," "careless," or "reckless." Since "debts arising from reckless or negligent conduct do not fall within the compass of § 523(a)(6)" pursuant to Kawaauhau, this Court cannot determine the issue of dischargeability based on the record of the County Court action. Kawaauhau, 523 U.S. at 64.

The Court concludes that Hall has not met his burden of demonstrating the absence of a genuine issue of material fact. Accordingly, the Motion for Summary Judgment is not well-taken and should be denied. The Court also notes that it has the discretion to deny motions for summary judgment and allow parties to proceed to trial so that the record might be more fully developed for the trier of fact. Kunin v. Feofonov, 69 F.3d 59, 62 (5th Cir. 1995); Black v. J.I. Case Co., 22 F.3d 568, 572 (5th Cir. 1994); Veillon v. Exploration Services, Inc., 876 F.2d 1197, 1200 (5th Cir. 1989).

## Conclusion

For the reasons stated herein, the Court finds that the Motion for Summary Judgment should be denied. A separate order consistent with this Memorandum Opinion will be entered by the Court in accordance with Bankruptcy Rules 7054 and 9021.

/s/ Neil P. Olack

Neil P. Olack
United States Bankruptcy Judge
Dated: February 19, 2010